**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER D. MORRIS, SR.,
Plaintiff-Appellant,

v.

No. 99-1051

WILLIAM J. HENDERSON, Postmaster
General, United States Postal
Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Max O. Cogburn, Magistrate Judge.
(CA-97-328-4-C)

Submitted: June 29, 1999

Decided: September 23, 1999

Before ERVIN,* NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David R. Payne, DAVID R. PAYNE, P.A., Asheville, North Carolina,
for Appellant. Mark T. Calloway, United States Attorney, Deborah A.

_____

*Judge Ervin participated in this case but died prior to the time the
decision was filed. The decision is filed by a quorum of the panel pursu-
ant to 28 U.S.C. § 46(d).

Ausburn, Assistant United States Attorney, Asheville, North Carolina; R. Andrew German, Managing Counsel, Lori J. Dym, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Roger Morris appeals the district court order awarding summary judgment against him on his claims under the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797b (West 1985 & Supp. 1996). We affirm.

This court reviews grants of summary judgment de novo. See Evans v. Technologies App. & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995).

Morris, a former employee of the United States Postal Service ("Postal Service"), claims that the Postal Service violated his rights under the Rehabilitation Act by denying his request to transfer from Tampa, Florida, to Asheville, North Carolina. The record shows that the Postal Service creates "modified carrier" positions as an accommodation to employees who are injured on-the-job and are no longer capable of performing their duties as a mail carrier. The positions are created on a case-by-case basis, generally at the facility where the injured employee is currently working. Occasionally, if the facility where the employee works is too small to sustain a modified carrier employee, the employee may be required to accept employment at a larger facility.

The Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with disability in the United States. . . shall, solely by

2

reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by any Executive agency or the United States Postal Service." 29 U.S.C. § 794(a) (1994). In general, the Act requires employers to make a "`reasonable good-faith effort to adjust its legitimate needs to a handicapping condition' that requires a reasonable accommodation in order for the employee to perform the essential functions of the position." Gaines v. Runyon, 107 F.3d 1171, 1178 (6th Cir. 1997). To that end, federal regulations require that an "agency shall make reasonable accommodation to the known physical or mental limitations of an applicant or employee who is a qualified individual with handicaps unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program." 29 C.F.R.§ 1613.203(c)(1) (1997). The Act, however, does not mandate preferential treatment of an employee by virtue of his handicap and does not impose a duty to provide every accommodation requested. See Gaines, 107 F.3d at 1178. Thus, the Act "has never been interpreted to require an employer to create alternative employment opportunities for a handicapped employee." Fedro v. Reno, 21 F.3d 1391, 1395 (7th Cir. 1994).

Accordingly, we find that the Rehabilitation Act did not require the Postal Service to create a modified carrier position for Morris in the Asheville area. Morris may be correct in his assertion that the Postal Service's current practice of creating modified carrier positions for employees injured on-the-job in the local area where that employee works makes it highly unlikely that a modified mail carrier will be able to obtain a transfer. Unfortunately for Morris, however, this practice satisfies the Postal Service's obligations under the Rehabilitation Act.

We therefore affirm the district court's order awarding the Postal Service summary judgment on Morris' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3